## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **PAUL A. WHITE and JAMES SHAW** | § | **Docket No. _____** |
| **individually and on behalf** | § | |
| **of all others similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **KSW OILFIELD RENTAL, LLC;** | § | **COLLECTIVE ACTION** |
| **AND DUPRE ENERGY** | § | **29 U.S.C. § 216(b)** |
| **SERVICES, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## COLLECTIVE ACTION COMPLAINT

### I.     SUMMARY

1.     Paul A. White and James Shaw ("Plaintiffs") bring this lawsuit to recover unpaid overtime wages and other damages from KSW Oilfield Rental, LLC and Dupre Energy Services, LLC (together "Defendants") under the Fair Labor Standards Act ("FLSA").

2.     Plaintiffs worked for Defendants as Solids Control Consultants.

3.     Plaintiffs and the other workers like them regularly worked for Defendants in excess of forty (40) hours each week.

4.     But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5.     Instead of paying overtime as required by the FLSA, Defendants paid Plaintiffs and those similarly situated workers only a day rate.

6.     Plaintiffs and those similarly situated workers were treated as independent contractors by Defendants.

7.     Plaintiffs and those similarly situated workers relationship with Defendants was that

of an employee/employer relationship.

8.      And because Plaintiffs and those similarly situated workers never received overtime or a salary, they are not exempt under the FLSA.

9.      This collective action seeks to recover the unpaid overtime wages and other damages owed to Plaintiffs and those similarly situated workers.

## II.    JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

12.     Defendants conduct substantial business operations in this District and Division, including maintaining headquarters in Houston, Texas.

## III.    THE PARTIES

13.     Plaintiffs Paul A. White and James Shaw worked for Defendants as Solids Control Consultants.

14.     Plaintiffs' consents to be party plaintiffs are attached as Exhibit A and Exhibit B.

15.     The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER SOLIDS CONTROL CONSULTANTS THAT WORKED FOR OR ON BEHALF OF KSW OILFIELD RENTALS, LLC AND DUPRE ENERGY SERVICES, LLC WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE DURING THE LAST THREE (3) YEARS. (**"Putative Class Members")

16.     Defendants **KSW OILFIELD RENTALS, LLC** and **DUPRE ENERGY SERVICES, LLC** may be served by serving their registered agent for service of process, **CT**

Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

17.     Together, Defendants are joint employers of Plaintiffs and the Putative Class Members pursuant to FLSA's employer definition.

## IV.     COVERAGE UNDER THE FLSA

18.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.     At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Defendants have had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

21.     At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

22.     As will be shown through this litigation, Defendants treated Plaintiffs (and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation or a salary) as employees and uniformly dictated the pay practices of Plaintiffs and its other workers including its so-called "independent contractors".

23.     Defendants' misclassification of Plaintiffs and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA.

## V.   FACTS

24.     Defendants are "the energy industry's leader in Fluid Management Equipment and Solids Control" operating throughout the United States, including Texas[1].

25.     Many of the individuals who worked for Defendants, were paid on a day-rate basis, misclassified as independent contractors, and make up the proposed Putative Class.

26.     While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.

27.     These so-called independent contractors were paid then a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek or a salary.

28.     To complete their business objectives, Defendants employed independent contractor Solids Control Consultants.

29.     Plaintiffs worked for Defendants as Solids Control Consultants.

30.     Throughout their employment with Defendants, Plaintiffs were paid a day-rate.

31.     Plaintiffs were not paid a salary.

32.     Plaintiffs worked 12-hour days, typically 7 days a week.

33.     Despite normally working 84-hour weeks, Plaintiffs never received overtime premium compensation.

34.     Defendants classified Plaintiffs for purposes of state and federal laws as independent contractors.

35.     Defendants employed Solids Control workers, like the consultants in this case, as W-2 employees.

---

[1] *http://www.dupre.com/kswoilfield* (last visited June 15, 2018).

36.     Defendants' W-2 Solids Control workers performed the same duties as the 1099 Solids Control Consultants subject to this lawsuit.

37.     Defendants' W-2 Solids Control workers reported to the same supervisors as the 1099 Solids Control Consultants.

38.     Defendants' W-2 Solids Control workers used the same types of equipment as the 1099 Solids Control Consultants.

39.     Defendants' W-2 Solids Control workers worked the same hours as the 1099 Solids Control Consultants.

40.     Defendants' W-2 Solids Control workers were integral to the operations of Defendants, just as the 1099 Solids Control Consultants were integral to the same operation.

41.     Plaintiffs bring this action on behalf of themselves and all other similarly situated workers who were classified as independent contractors and paid through Defendants' day-rate system.

42.     Defendants did not pay Plaintiffs directly, but utilized staffing companies to act as pay conduits.

43.     Defendants would pay the staffing companies, who would then take a cut of the day rate and pay the left over to Plaintiffs.

44.     Along with other staffing companies, Defendants utilized Tier 1 and Dimension.

45.     Defendants illegal pay scheme is clearly designed to circumvent the requirements of state and federal law.

46.     Defendants also are aware of their employment obligations under state and federal law.

47.     Defendants have been subject to other FLSA and state law class and collective actions.

48.     Defendants purposely created the subject pay practice to limit their FLSA w exposure.

49.    As Solids Control Consultants, Plaintiffs spent time separating drilling fluid from the solids crushed by the drill bit and carried up to the surface in the drilling fluid.

50.    The work Plaintiffs performed was an essential and integral part of Defendants' core business.

51.    While classified as independent contractors, Defendants exercised control over all aspects of their jobs.

52.    Defendants did not require any substantial investment by Plaintiffs or the Putative Class Members for them to perform the work that was required.

53.    Defendants determined Plaintiffs and the Putative Class Members opportunity for profit and loss.

54.    Plaintiffs and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other employees in their respective position) to perform their job duties.

55.    Defendants controlled all the significant or meaningful aspects of the job duties performed by Plaintiffs and the Putative Class Members.

56.    Defendants determined the hours and locations Plaintiffs and the Putative Class Members worked, tools used, and rates of pay received.

57.    Even though Plaintiffs and the Putative Class Members often worked away from Defendants' offices without the presence of a direct supervisor employed by Defendants, Defendants still controlled all aspects of Plaintiffs and the Putative Class Members job activities by enforcing mandatory compliance with Defendants and its client's policies and procedures.

58.    Defendants and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Plaintiffs and the Putative Class Members worked.

59.     Plaintiffs and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

60.     Plaintiffs and the Putative Class Members were economically dependent on Defendants during their employment.

61.     Defendants set Plaintiffs and the Putative Class Members rates of pay, their work schedules, and prohibited them from working other jobs for other companies while they were working on jobs for Defendants.

62.     Defendants directly determined Plaintiffs and the Putative Class Members opportunity for profit and loss.  Plaintiffs and the Putative Class Members earning opportunities were based on the number of days Defendants scheduled them to work.

63.     Moreover, the job functions of Plaintiffs and the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

64.     Plaintiffs and the Putative Class Members were not employed by Defendants on a project-by-project basis.

65.     In fact, while Plaintiffs and the Putative Class Members were classified as independent contractors, they were regularly on call for Defendants and/or its clients and were expected to drop everything and work whenever needed.

66.     Plaintiffs and the Putative Class Members worked similar hours and were denied overtime as a result of the same illegal pay practice.

67.     Defendants policy of failing to pay their independent contractors, including Plaintiffs and the Putative Class Members, overtime violates the FLSA.

68.     Because Plaintiffs (and Defendants' other solids control independent contractors) were misclassified as independent contractors by Defendants, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI.     FLSA VIOLATIONS

69.     As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

70.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Putative Class Members overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

71.     Accordingly, Plaintiffs and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.     COLLECTIVE ACTION ALLEGATIONS

72.     Plaintiffs incorporate all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiffs were likewise imposed on the Putative Class Members.

73.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

74.     Numerous other individuals who worked with Plaintiffs indicate they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

75.     Based on experiences and tenure with Defendants, Plaintiffs are aware that Defendants' illegal practices were imposed on the Putative Class Members.

76.     The Putative Class Members were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

77.     Defendants' failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

78.     Plaintiffs' experiences are therefore typical of the experiences of the Putative Class Members.

79.     The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

80.     Plaintiffs have no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiffs have an interest in obtaining the unpaid overtime wages owed to them under federal law.

81.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

82.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA.

83.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

84.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

85.     The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a.     Whether Defendants employed the Putative Class Members within the meaning of the applicable federal statutes, including the FLSA.

   b.     Whether the Putative Class Members were improperly misclassified as independent contractors;

   c.     Whether the Putative Class Members received a salary;

   d.     Whether Defendants' decision to classify the Putative Class Members as independent contractors was made in good faith;

   e.     Whether Defendants' violation of the FLSA was willful; and

   f.     Whether Defendants' illegal pay practices were applied uniformly across the nation to all Putative Class Members.

86.     Plaintiffs' claims are typical of the claims of the Putative Class Members. Plaintiffs and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

87.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

88.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## VIII.   JURY DEMAND

89.     Plaintiffs demand a trial by jury.

10

## IX.    RELIEF SOUGHT

90.    WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.    For an Order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the both the federal and state law classes;

d.    For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
    Michael A. Josephson
    Texas Bar No. 24014780
    Andrew W. Dunlap
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**