# DECLARATION OF TIM WILLIAMS

My name is Tim Williams. My date of birth is November 28, 1963 and my address is 316 Breitling Road, Haughton, Louisiana 71037. I declare under penalty of perjury that the foregoing is true and correct.

1. I am the President of KSW Oilfield Rental, LLC ("KSW").

2. KSW has a Master Service Agreement ("MSA") with Tier One LLC ("Tier One"), a staffing company that KSW would use from time to time for Solids Control Consultants ("Consultants"). Plaintiffs Paul A. White and James Shaw (collectively, "Plaintiffs") were Consultants employed by Tier One, not KSW. Dupre Energy Services, LLC ("Dupre"), an affiliate of KSW, does not and did not have a Master Service Agreement with Tier One or any other staffing company regarding these Consultants. Dupre never utilized the services of or worked with Plaintiffs or other Solids Control Consultants.

3. KSW is an industry leader in Wellsite Fluid Handling Equipment for the re-use and reduction of fluid volumes. KSW provides rental equipment and manpower for fluid management and solids control in the oil and gas industry and offers solutions in solids control and waste management, dewatering, fluids management, and rig vacs, and transfer pumps.

4. KSW operates in locations in Oklahoma, Pennsylvania, and Texas. At times in the various locations and on different customer projects, KSW uses staffing companies, like Tier One, to provide Consultants. The Consultants work in different states, at different customer locations, and on different projects that KSW handles for its customers. There are different customer representatives and KSW personnel working at the various locations. Consultants have varying responsibilities and job duties based on the location and job site where they are working. Some of the Consultants work only sporadically on KSW projects, while others work significantly more days on KSW projects.

5. KSW contracts with third-party staffing companies ("Vendors"), including Tier One, to obtain solids control consultants, such as Plaintiffs, to assist KSW on an as-needed basis. The Vendors provide these Consultants pursuant to a Master Service Agreement entered into and negotiated by KSW and the particular Vendor. During the applicable time period, KSW has contracted with eight different Vendors for Consultants. These Vendors include: Tier One; DCS All American, LLC; Five Star; DWM Consulting LLC; Dimension; BKD Consulting; Express Services, Inc.; and Eastwood Oilfield Consulting Services LLC. Although the contract terms vary from Vendor to Vendor, each party unequivocally agrees that the Vendor must comply with all potentially applicable laws, including employment laws. Vendors are solely responsible for classifying the Consultants under the FLSA, paying the Consultants, determining how the Consultants are paid and when, and setting other terms of the Consultant's compensation. KSW does not even know if the Vendors' employees, including Consultants, are paid day rates. KSW understands that different Vendors pay their employees different amounts through different structures. KSW never directly paid Plaintiffs or any other Consultants because it never employed them.

**EXHIBIT A**

6. KSW has a MSA with Tier One, the Vendor that furnished the Plaintiffs to KSW. As President of KSW, I am one of the custodians of business records for KSW. I hereby attest that the MSA between KSW and Tier One attached as Exhibit B to the response to Plaintiffs' motion for conditional certification is a complete, true, and accurate copy of the original MSA. This record was made and kept in the regular course of KSW's business. The record was made at the time or shortly after the time of the transaction or events recorded. The persons preparing or signing the MSA had personal knowledge of the information contained therein. This is a permanent record of KSW. As demonstrated in the MSA with Tier One, it is the Vendors—not KSW—who employ the Consultants. It is the Vendors—not KSW—who determine the amount and manner by which the Vendor pays its Consultants. KSW has no knowledge of the pay structure and pay arrangements between the Vendors and the Consultants or numerous other terms of the conditions of their employment with the Vendors. Nor does KSW maintain the employment and pay records for the Consultants, including those of Plaintiffs White and Shaw. KSW typically receives only timesheets regarding the Consultants with the Vendors' invoices.

7. There is not and never has been an employee-employer relationship between Plaintiffs—or the other Consultants—and KSW or Dupre. The Plaintiffs only provided services for KSW pursuant to the MSA between their employer, Tier One, and KSW. The MSA makes it clear that Plaintiffs and other Consultants remain employed by Tier One, not KSW. KSW never made any payments directly to Plaintiffs or any other Consultants—Tier One and the other Vendors paid the Consultants and KSW did not have any input into the method or amount of the Vendors' employees' compensation. Dupre has not even interacted with Plaintiffs or the other Consultants and they never performed any work related to Dupre.

8. The Consultants are expected to have sufficient experience and knowledge to work independently when performing services related to KSW projects. The Vendors' employees perform the work pursuant to the MSAs, and KSW has access to and general oversight of the operations. KSW does not have the right to require a Vendor to hire or fire Consultants. KSW has no obligation to utilize any of the Vendors' Consultants for any length of time or at all. KSW is free to choose among the Vendors and use their Consultants only on an as-needed basis when additional help is needed due to KSW's workload. The putative class members' opportunities for profit and loss differ greatly, with varying day rates and compensation structures based on the Vendor/employer, project details, and geographic location.

9. To my knowledge, both Plaintiffs worked for only one Vendor that we worked with, Tier One. The Tier One invoice demonstrate that Plaintiffs only worked for KSW's Monahans, Texas location and only on one rig. Plaintiffs worked for Tier One and Dupre never utilized the services of any Consultants from Tier One or the other Vendors. Dupre does not have a master service agreement or other contract with Tier One or the other Vendors. KSW never sent any Consultants to perform work at a Dupre location or for Dupre. Dupre never paid the Vendors or Consultants any money and the Vendors and Consultants never performed any services for Dupre.

Executed in Bossier Parish, Louisiana, on the 5th day of October, 2018.

Tim Williams