IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL A. WHITE, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1983 |
| | § | |
| KSW OILFIELD RENTAL, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

# **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Conditional Certification and for Notice to Putative Class Members ("Motion") [Doc. # 11] filed by Plaintiffs Paul White and James Shaw, to which Defendants KSW Oilfield Rental, LLC ("KSW") and Dupre Energy Services, LLC ("Dupre") filed a Response [Doc. # 14], and Plaintiffs filed a Reply [Doc. # 15]. At the Court's request, Plaintiffs filed Supplemental Briefing [Doc. # 18], Defendants filed a Supplemental Brief [Doc. # 19], Plaintiffs filed a Response to Defendants' Supplemental Briefing [Doc. # 21], and Defendants filed a Response to Plaintiffs' Supplemental Briefing [Doc. # 22].

The Court has carefully reviewed the record and the applicable legal authorities. Based on that review, the Court **denies** Plaintiffs' Motion.

I.  **BACKGROUND**

KSW provides fluid management equipment and solids control to the oil and gas industry throughout the United States, including Texas. Plaintiffs performed work for KSW as solids control consultants ("Consultants"). Plaintiffs allege that, as Consultants, they "spent time separating drilling fluid from the solids crushed by the drill bit and carried up to the surface in the drilling fluid." *See* Collective Action Complaint [Doc. # 1], ¶ 49. Plaintiffs filed this lawsuit against KSW and Dupre, alleging that KSW misclassified them as independent contractors and failed to pay them wages and overtime compensation at the rates required by the FLSA.[1]

Plaintiffs seek conditional certification of this case as a collective action. Plaintiffs seeks conditional certification of the following putative class:

> Solids control consultants employed by, or working on behalf of, KSW Oilfield Rental, LLC as an independent contractor and paid a day rate, at any time between three years prior to the date of certification, and the present.

---

[1]  Defendants in their Response assert that Dupre has no connection with any of putative class members and, therefore, is not a proper party to this lawsuit. *See* Response, pp. 18-19. The Court notes that the Collective Action Complaint includes no substantive allegations against Dupre. The Court notes also that Plaintiffs' proposed order granting conditional certification identifies the putative class as those working for KSW, and does not mention Dupre.

Plaintiffs in their Reply state that whether Dupre is a proper party to this lawsuit is not a conditional certification issue and should, instead, be raised in a motion to dismiss. *See* Reply, p. 14. The Court agrees that a motion to dismiss is the proper vehicle to challenge Dupre's status as a defendant in this lawsuit.

Proposed Order [Doc. # 11-7]. The Motion has been fully briefed, including issues on which the Court requested supplemental briefing. As a result, the Motion is now ripe for decision.

## II. APPLICABLE LEGAL PRINCIPLES

### A. FLSA Obligations

The FLSA provides that "no employer shall employ any of his **employees** . . . for a workweek longer than forty hours unless such **employee** receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *see also Garcia v. U Pull It Auto & Truck Salvage, Inc.*, 657 F. App'x 293, 296 (5th Cir. 2016). As a result, a fundamental requirement of an FLSA claim is that each plaintiff be an employee of the defendant during the relevant time periods.

### B. Standard for Conditional Certification

When considering whether to certify a lawsuit under the FLSA as a collective action, courts in this federal district generally use a "two-step *ad hoc* approach." *See Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012); *Garcia v. Vasilia*, 2018 WL 3628851, *2 (S.D. Tex. July 25, 2018); *Jones v. Xerox Commercial Solutions, LLC*, 2013 WL 5945652 at *3 (S.D. Tex. Nov. 6, 2013). At the first stage, the Court decides whether to issue notice to potential class members. *Walker*, 870 F. Supp. 2d at 465. The second stage occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally certified class. *Id.* at 466. "Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010); *see also Aguirre v. Catholic Health Initiatives, Inc.*, 2018 WL 2767403, *2 (S.D. Tex. June 8, 2018).

At the notice stage, the Court's decision is generally based on the pleadings, affidavits, and other limited evidence. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds* by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Walker*, 870 F. Supp. 2d at 465; *Aguirre*, 2018 WL 2767403 at *2. At this stage, the plaintiff is required to show that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that

those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465-66; *see also Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287, 289 (S.D. Tex. 2012); *Aguirre*, 2018 WL 2767403 at *2. "Although collective actions under the FLSA are generally favored, the named plaintiff(s) must present some factual support for the existence of a class-wide policy or practice." *Carey v. 24 Hour Fitness USA, Inc.*, 2012 WL 4857562, at *1 (S.D. Tex. Oct. 11, 2012) (citing *Walker*, 870 F. Supp. 2d at 466).

To be "similarly situated," there must be "substantial allegations that potential members 'were together the victims of a single decision, policy, or plan.'" *McKnight*, 756 F. Supp. 2d at 801 (quotations and citations omitted). Certification should be denied "'if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Id.* (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Where minimal evidence is advanced at the notice stage, the conditional class determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *See id.* (quoting *Mooney*, 54 F.3d at 1214 n.8); *see also Walker*, 870 F. Supp. 2d at 465.

## III. ANALYSIS

As noted above, to obtain conditional certification of this case as a collective action, Plaintiffs must demonstrate that they and those they seek to include in the collective action are similarly situated *in relevant respects given the claims and defenses asserted*. *See Andel*, 280 F.R.D. at 289. In this case, Plaintiffs seek nationwide certification of all Consultants "employed by, or working on behalf of, [KSW] as an independent contractor and paid a day rate . . .." Plaintiffs' proposed class would include workers at KSW who were provided by different staffing companies, such as Tier One, LLC ("Tier One"), DCS All American, LLC ("DCS"), 5 Star Solids Control Services, LLC ("Five Star"), DWM Consulting LLC ("DWM"), Dimension Oilfield Products, LLC ("Dimension"), BKD Consulting LLC ("BKD"), and Eastwood Oilfield Consulting Services LLC ("Eastwood").

Plaintiffs seek conditional certification of a putative class of all Consultants working for KSW and paid a day rate. The various staffing companies who provided Consultants to KSW charged KSW, and KSW paid the staffing companies. It appears that the staffing companies then paid the Consultants. Some staffing companies charged KSW a day rate, and others charged an hourly rate. For example, Eastwood charged KSW $500.00 per day and $50.00 for overtime. It is presumed that Eastwood paid a similar day rate to the Consultants it provided to KSW. Tier One, however,

charged KSW an hourly rate of $34.00 per hour and $51.00 per hour for overtime. Five Star and DWM also charged an hourly rate, but charged different hourly rates (and overtime rates) for different Consultants they provided to KSW.

Plaintiffs White and Shaw were provided to KSW by Tier One, who charged KSW an hourly rate for the Consultants it provided. Therefore, the named Plaintiffs are not similarly situated to the Consultants provided by staffing companies who paid a day rate – the pay structure identified in the definition of the putative class for which Plaintiffs seek conditional certification. As a result, conditional certification of the proposed putative class is unwarranted.

Additionally, as noted above, named Plaintiffs White and Shaw were Consultants provided to KSW by Tier One. They are both opt-in plaintiffs in an FLSA lawsuit against Tier One in which they allege that they were employees of Tier One. *See Michael Ceuric v. Tier One, LLC*, Exh. O to Defendants' Supplemental Brief. The *Ceuric* lawsuit, pending in the United States District Court for the Western District of Pennsylvania, has settled for a $1,000,000.00 payment by Tier One to White, Shaw, and approximately 70 other class members, although the settlement has not been finalized and fully paid. It is unclear whether the allegations in the *Ceuric* lawsuit will have any preclusive effect in this case. It is clear, however, that White and Shaw will have unique hurdles to overcome that Consultants provided by staffing

companies other than Tier One will not face. Therefore, on this basis also, White and Shaw are not similarly situated to the Consultants KSW obtained from staffing companies against whom no similar FLSA lawsuit has been filed. Conditional certification of this lawsuit as a collective action is, on this basis also, inappropriate.

In conclusion, Plaintiffs has failed to demonstrate that they and the putative class members identified in the Motion are similarly situated. Indeed, the evidence in the record is to the contrary. As a result, conditional certification of this lawsuit as a collective action is not warranted.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiffs's Motion for Conditional Certification and for Notice to Putative Class Members [Doc. # 11] is **DENIED**. The case remains scheduled for a conference on **December 10, 2018, at 2:00 p.m.**

Signed at Houston, Texas, this **16th** day of **November, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE